**UNITED STATES v. CHELSEA TRUST CO. et al.**

**SAME v. BOSTON FIVE CENTS SAV. BANK et al.**

**Nos. 4313, 4314.**

District Court, D. Massachusetts.

May 26, 1936.

Francis J. W. Ford, U. S. Atty., and Frank W. Tomasello, Asst. U. S. Atty., both of Boston, Mass., for the United States.

Louis R. Kiernan and Bertha R. Kiernan, both of Chelsea, Mass., for defendant Chelsea Trust Co.

Fosdick P. Harrison and Edwin C. Jenney, both of Boston, Mass., for defendant Boston Five Cents Sav. Bank.

James E. Carroll, of Boston, Mass., for all other defendants.

Before ELISHA H. BREWSTER, U. S. District Judge.

BREWSTER, District Judge.

The above-entitled suits are brought to reach bank deposits standing in the name of one Thomas McGovern, sometimes known as Thomas McGoveran. Both suits may be conveniently disposed of in one opinion.

Statement of Facts.

On November 11, 1925, McGovern, an honorably discharged soldier, was admitted to the Southern branch of the National Home for Disabled Volunteer Soldiers, at Hampton, Va. His admission was subject to the Act of June 25, 1910 (title 24 U.S.C.A. § 136), and in his application he agreed as follows:

"The said Thomas McGovern hereby agrees that, in event of his death while a member of the National Military Home for Disabled Volunteer Soldiers, leaving no heirs at law or next of kin, all personal property owned by him at the time of his death, including money or choses in action held by him and not disposed of by will, whether such property be the proceeds of pensions or otherwise derived, shall vest in and become the property of said Board of Managers for the sole use and benefit of the post fund of said home, and that all personal property of the said Thomas McGovern shall upon his death, while a member, at once pass to and vest in said Board of Managers, subject to be reclaimed by any legatee or person entitled to take the same by inheritance at any time within five years after the death of such member. * * *"

McGovern died September 17, 1928, while still a member of the home. He was

survived by a wife and four children, one of whom was a son who had been declared insane in 1918.

Since 1904, McGovern had not lived with his family, and for the last twelve years of his life his wife and children had no knowledge of his whereabouts. None of the heirs or next of kin had knowledge of McGovern's death prior to October 19, 1935. No one on behalf of the National Home made any attempt to locate McGovern's wife or children. In his application, McGovern had stated that he did not know their address.

At the time of his death McGovern had a deposit in the Chelsea Trust Company, respondent in equity No. 4313, which on July 3, 1925 amounted to $3,841.10, represented by account No. 1295. He also had a deposit in the Boston Five Cents Savings Bank, respondent in equity No. 4314, which on October 15, 1925, amounted to $1,980.10, represented by account No. 701,775.

#### Conclusions of Law.

 The United States asserts claim to these deposits under the provision of the above-cited Act of 1910 (24 U.S.C.A. § 136), the pertinent provisions of which are:

"§ 136. *Disposition of personal property of deceased members.* The application of any person for membership in the National Home for Disabled Volunteer Soldiers and the admission of the applicant thereunder shall be and constitute a valid and binding contract between such applicant and the Board of Managers of said home that on the death of said applicant while a member of such home, leaving no heirs at law nor next of kin, all personal property owned by said applicant at the time of his death, * * * shall vest in and become the property of said Board of Managers for the sole use and benefit of the post fund of said home, * * * and that all personal property of said applicant shall, upon his death, while a member, at once pass to and vest in said Board of Managers, subject to be reclaimed by any legatee or person entitled to take the same by inheritance at any time within five years after the death of such member."

The issue presented necessitates a construction of this statute. On behalf of the respondent heirs, it is urged that the five-year limitation upon their right to claim the personal property of a deceased member does not apply unless the deceased left no heirs at law or next of kin. I do not so read the statute. I hold it to mean that if a member dies, leaving no heirs at law or next of kin, the title to personal property passes absolutely to the home; but if he dies leaving a will, or heirs, the property vests in the home subject to the right of the legatee or any person entitled by inheritance to lay claim to the property, if claimed within five years. This construction reconciles and gives effect to all provisions of the act. It is a familiar canon of construction, requiring no citation, that a statute should be so construed. In the circumstances of this case, it is my opinion that the rights of the United States to these funds are not affected by the fact that the son of the deceased soldier was legally incompetent.

 Each of the respondent banks, in its answer, has asked for costs including reasonable counsel fees, and I grant this prayer.

The United States is entitled to a decree ordering each of the respondent banks to pay over to a representative of the government authorized to receive same, and designated in the decree, the full amount represented by the respective deposit accounts above noted, less taxable costs and the attorney's fee of $25; and perpetually restraining and enjoining the other respondents from transferring, encumbering, or in any way asserting any claim in and to said deposits, together with all accumulations thereon.